UNITED STATES, Appellee,

v.

Vincent E. LAZZARO, Jr., Airman
Recruit, U. S. Navy, Appellant.

No. 31,691.

NCM 75-2870.

U. S. Court of Military Appeals.

Dec. 16, 1976.

*Lieutenant Howard L. Schwartz*, JAGC,
USNR, was on the pleadings for Appellant,
Accused.

1. The United States Supreme Court held, in
*O'Callahan v. Parker*, 395 U.S. 258, 272, 89
S.Ct. 1683, 23 L.Ed.2d 291 (1969), that a mili-
tary court-martial lacked jurisdiction to try a

*Lieutenant Colonel P. N. Kress*, USMC,
and *Lieutenant Steven D. Moore*, JAGC,
USNR, were on the pleadings for Appellee,
United States.

Opinion of the Court

PER CURIAM:

The appellant was tried by general court-
martial at U. S. Fleet Activities Headquar-
ters, Yokosuka, Japan, on August 26, 1975.
Pursuant to his pleas, he was convicted of
unauthorized absence, conspiracy, larceny,
and burglary in connection with the
charged theft of Government funds from
the Commissioned Officers' Mess (Open) at
the U. S. Fleet Activities, in violation of
Articles 86, 81, 121, and 130, Uniform Code
of Military Justice, 10 U.S.C. §§ 886, 881,
921, and 930. He was sentenced to a bad-
conduct discharge, confinement at hard la-
bor for 6 months, and forfeiture of all pay
and allowances. The findings and sentence
have been affirmed at all prior review lev-
els. This Court granted review of the fol-
lowing issue:

Whether the court-martial lacked juris-
diction over Charge III and its specifica-
tion [larceny of currency from a commis-
sioned officers' open mess], considering
the possible extraterritoriality of Con-
gressional enactments punishing larceny
of government funds and accused's conse-
quently being subject to trial for his acts
in a United States court.

We hold that court-martial jurisdiction over
the offense in question was not lacking.

Although the larceny offense at issue oc-
curred in a foreign country, the Govern-
ment in its brief before this Court appropri-
ately concedes that the automatically juris-
dictional "overseas exception" to *O'Calla-
han* [1] is not applicable to this case, inasmuch
as the larceny of the Government funds
was in violation of an American civil penal
statute [2] with extraterritorial effect so as to
be triable in a United States civil forum.
*United States v. Black*, 1 M.J. 340, 342
(1976).

United States serviceperson if the offense in
question was not "service connected."

2. 18 U.S.C. § 641.

"Once it is judged that the overseas exception is not present in this case, the inquiry must then advance to the stage of applying the *O'Callahan* standard and the *Relford* [*Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971)] criteria to determine whether there exists 'service connection' so as to vest jurisdiction in the military nonetheless." *United States v. Black, supra*, 1 M.J. at 345. The larceny of Government funds from the officers' club occurred *on* a military base, and the following language from the Supreme Court's opinion in *Relford* thus requires a conclusion of service connection:[3]

This leads us to hold, and we do so hold, that when a serviceman is charged with an offense committed within or at the geographical boundary of a military post and violative of the security of a person or of property there, that offense may be tried by a court-martial. Expressing it another way: a serviceman's crime against the person of an individual upon the base or against property on the base, is "service connected," within the meaning of that requirement as specified in *O'Callahan*.

Accordingly, the decision of the United States Navy Court of Military Review is affirmed.

---

**3.** *Relford v. Commandant,* 401 U.S. 355, 369, 91 S.Ct. 649, 657, 28 L.Ed.2d 102 (1971).